UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ENTRAL GROUP INTERNATIONAL, LLC, )
)
) Case No: 04 CV 5516
Plaintiff, )
)
v. )
) **CONSENT DECREE.**
MANHATTAN BAR INC., d/b/a TROPICAL )
KTV & LOUNGE, PETER W. SHI, CHOR K. )
WONG, and LAI YIN CHAN, )
)
Defendants. )
)

---

WHEREAS, Plaintiff Entral Group International, LLC ("EGI") has commenced this action against Manhattan Bar Inc., d/b/a Tropical KTV & Lounge, Peter W. Shi, Chor K. Wong, and Lai Yin Chan (collectively "Defendants") by filing this Complaint; and

WHEREAS, the parties have been represented by the attorneys whose names appear hereafter; and

WHEREAS, and the parties have agreed to the settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law, the Court finds:

1. Defendants have been duly served with the Summons and Complaint.

2. This Court has subject matter and personal jurisdiction over all parties.

3. The Complaint states a claim upon which relief can be granted for (i) copyright infringement under the copyright laws of the United States, 17 U.S.C. §101 *et seq.*, (ii) federal unfair competition and false designation of origin under 15 U.S.C. §1125(a), (iii) federal false advertising under 15 U.S.C. §1125(a), (iv) false advertising under New York General Business Law §350, (v) deceptive trade practices under New York General Business Law §349, (vi) unfair competition under New York General Business

Law §360-1, (vii) use of name with intent to deceive in violation of New York Business Law §133, and (viii) common law unfair competition.

NOW, THEREFORE, on the joint motion of Plaintiff and Defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. EGI is, and at all relevant times has been, the exclusive licensee in the United States of copyright interests in all of the Chinese language karaoke audio-visual recordings ("the Works") of the companies Universal Music Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd. (collectively "the Companies").

2. EGI is widely known throughout the United States and the world as the exclusive licensee of the Works in North America.

3. Defendants, a karaoke entertainment club, have infringed a significant number of EGI's copyrights in audio-visual Chinese-language karaoke Works exclusively licensed to EGI by the Companies by willfully and unlawfully copying, distributing, and performing many if not all of the audio-visual Works.

4. Defendants have commercially profited, both directly and indirectly, through their unauthorized use of the Works, and EGI has been seriously injured by Defendants' unlawful acts.

5. EGI has demonstrated a likelihood of success and has established a case of *prima facie* copyright infringement by showing that it owns valid copyrights in the Works and that Defendants have engaged in unauthorized copying, distribution, and performance of the Works.

6. EGI has demonstrated a *prima facie* case of copyright infringement and shown a substantial likelihood of success on the merits, and is therefore entitled to a presumption of irreparable harm.

7. EGI has no adequate remedy at law with respect to Defendants' unlawful actions, and the balance of hardships tips in the favor of EGI.

8. EGI is entitled to an injunction which would enjoin Defendants from commercially using any and all of the Works.

9. EGI is entitled to substantial damages as a result of Defendants' unlawful acts which are the subject matter of this Action.

## PAYMENT BY DEFENDANTS

10. Defendants shall pay to Plaintiff the sum of money as provided for in the confidential May 25, 2005 Settlement Agreement.

11. In the event that Plaintiff initiates proceedings to enforce the provisions of this Consent Decree, and provided further that the Court determines that Defendants have violated any term or provision of this Consent Decree, Defendants shall pay the costs and attorney fees incurred by Plaintiff in connection with proceedings to enforce this Consent Decree.

## INJUNCTION

12. Defendants are restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or personal finances of any named Defendant for a period of three (3) years following this Consent Decree; and

13. Subject to the permissions granted in the Settlement Agreement dated May 25, 2005, and the permissions granted in any subsequent written agreement entered into between the parties, Defendants, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therein, shall be permanently enjoined from commercially using or infringing upon EGI's copyright interests in any audio-visual Chinese language karaoke Work, whether now in existence or later created, owned or controlled by EGI (or any parent, subsidiary, or affiliate of EGI), including commercially using any audio-visual Chinese language karaoke work created by the Companies Universal Music Limited, EMI Group Hong Kong Limited, Emperor Entertainment (Hong Kong) Limited, Go East Entertainment Company Limited, Cinepoly Record Co., and Warner Music Hong Kong Ltd.

## CONTINUING JURISDICTION

14. This Court shall retain jurisdiction of this matter for the purposes of enabling any of the parties to this Consent Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this

Consent Decree, for the enforcement of compliance therewith, or for the punishment of violations thereof.

5

15. If any Defendant violates this Decree and is found in civil or criminal contempt thereof, that Defendant shall, in addition to other remedies, reimburse Plaintiff for its attorneys' fees, investigational expenses, and court costs relating to contempt proceedings related to that Defendant.

JUDGMENT IS THEREFORE ENTERED in favor of Plaintiff and against Defendants, pursuant to all the terms and conditions recited above.

Dated this ____ day of May, 2005.

So Ordered: _____

The parties, by their counsel, hereby consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof.

For the Plaintiff

_____
David E. Wienir (DW-5804)
COUDERT BROTHERS LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 626-4755
*Attorneys for Plaintiff*

For the Defendants

_____ #2963841
H. Rebecca Chan (HC-    )
191 Canal Street, Suite 501
New York, New York, 10013
(212) 226-5354
*Attorney for Defendants*